**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AVTAR SINGH, | No. 07-71934 |
| Petitioner, | Agency No. A096-158-476 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2011
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and O'GRADY,[**] District Judge.

Avtar Singh ("Singh"), a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Liam O'Grady, District Judge for the U.S. District
Court for Eastern Virginia, Alexandria, sitting by designation.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of asylum, withholding of removal, and CAT relief. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). We grant in part and deny in part the petition for review, and we remand.

We must accept the BIA's adverse credibility finding "as long as one of the identified grounds underlying the credibility finding is supported by substantial evidence and goes to the heart of [Singh's] claims." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). The BIA found Singh not credible for several reasons, including inconsistencies between Singh's testimony and documentary evidence regarding his reasons for leaving India, and for his failure to respond to questions about these inconsistencies. Because Singh's reasons for departing India are central to his asylum claim, we conclude that these discrepancies go to the heart of Singh's claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006); *see also Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (finding that an adverse credibility determination is supported in part based on inconsistencies relating to the events leading up to petitioner's departure). Although Singh was afforded an opportunity to explain the discrepancies in the evidence, he failed to do so. We therefore conclude that substantial evidence supports the IJ's adverse credibility finding.

2

Without credible testimony that established a well-founded fear of persecution, Singh's asylum claim fails. *See Mejia–Paiz v. INS*, 111 F.3d 720, 724 (9th Cir. 1997). Singh also fails to meet the higher standard of eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Although the IJ's determination and the BIA's affirmance were proper as to the denial of Singh's application for asylum and withholding of removal, the denial of CAT relief did not comply with our existing case law. An IJ may not deny CAT relief solely on the basis of an adverse credibility determination made in connection with an asylum assessment when there is other record evidence that is available to assess whether it is more likely than not that the petitioner will be tortured if returned to his home country. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). We have held that, by contrast, "proper attention to relevant country conditions might lend credence to . . . assertions of torture and cause the BIA to view them in a different light." *Id.*

In denying CAT relief, the IJ provided only cursory analysis. We cannot conclude that CAT relief was denied for reasons beyond mere adverse credibility. In the context of a CAT claim, "*all evidence relevant to the possibility of future*

*torture shall be considered*, including, but not limited to: . . . *[e]vidence of gross, flagrant or mass violations of human rights within the country of removal; and [o]ther relevant information regarding conditions in the country of removal.*" *Id.* at 1282 (quoting 8 C.F.R. § 208.16(c)(2) and (3) (2000) (emphasis in original)). Because the IJ's decision does not show that she considered the documentary evidence submitted by Singh, Singh's CAT claim is remanded for the BIA to give proper weight and consideration to evidence of the relevant country conditions contained in the record. *See Id.* at 1284.

PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

Each side shall bear its own costs on appeal.