**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AVTAR SINGH,

               Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

               Respondent.

No.   14-71882

Agency No. A096-158-476

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 19, 2017[**]
San Francisco, California

Before:     REINHARDT and TASHIMA, Circuit Judges, and MOLLOY,[***]
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

     [**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

     [***]     The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

This is Avtar Singh's second petition for review from the Board of Immigration Appeals' ("BIA") dismissal of his appeal to avoid removal to India. Previously, we affirmed the BIA's dismissal of Singh's requests for asylum and withholding of removal, but reversed and remanded the dismissal of Singh's claim for relief under the Convention Against Torture ("CAT"). *See Singh v. Holder*, 434 F. App'x 704 (9th Cir. 2011). On remand, the Immigration Judge ("IJ") and the BIA again denied Singh's claim for CAT relief. We have jurisdiction under 8 U.S.C. § 1252(a).[1]

Where, as here, the BIA considers the IJ's decision de novo, our review is limited to the BIA's dismissal of Singh's application for CAT relief. *See Paredes-Urrestarazu v. INS*, 36 F.3d 801, 807 (9th Cir. 1994) (citing *Yepes-Prado v. INS*, 10 F.3d 1363, 1366-67 (9th Cir. 1993)). We review factual determinations for "substantial evidence" and questions of law de novo. *See id.* To qualify for CAT relief, Singh "must establish that it is more likely than not that he would be tortured if removed" to India. *Ahmed v. Keisler*, 504 F.3d 1183, 1200 (9th Cir. 2007) (citing *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004)).

---

[1] The government, in passing, contends that we lack jurisdiction to decide this appeal because Singh purportedly failed to raise before the BIA his claim for CAT relief based upon political affiliation. We disagree with the government's characterization of Singh's earlier arguments; consequently, we reject this jurisdictional challenge.

2

The BIA's decision is supported by India's 2005 Country Report and by Singh's own testimony, satisfying the "substantial evidence" standard consistent with prior decisions. *See, e.g.*, *Jagtar Singh v. Holder*, 753 F.3d 826, 830-31 (9th Cir. 2014) (summarizing evidence that conditions for Sikhs today "differ dramatically from those of the 1980s and 1990s"); *Latter-Singh v. Holder*, 668 F.3d 1156, 1164 (9th Cir. 2012) (finding that substantial evidence supported the BIA's conclusion that Sikh petitioner could safely return to India in light of changed country conditions).

Accordingly, we affirm the BIA's dismissal of Singh's application for CAT relief.

Petition for review **DENIED.**